UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| AFFINITY MUTUAL INSURANCE as Subrogee of HOLMES & COMPANY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NIDEC AVTRON AUTOMATION CORPORATION, <br><br> Defendant. | CAUSE NO.: 1:16-CV-155-TLS |

**OPINION AND ORDER**

This matter is before the Court on Defendant, Nidec Avtron's Motion to Dismiss [ECF No. 5] for failure to state a claim. The Plaintiffs, Affinity Mutual Insurance ("Affinity"), and its subrogor, Holmes & Company, Inc. ("Holmes"), filed a Complaint [ECF No. 8] in the Whitley Circuit Court against the Defendant on April 13, 2016, alleging that a product defect with the Defendant's active front end power correction system caused a fire on Holmes's property. The case was removed to federal court on May 13, 2016. The Defendants filed the Motion and its Memorandum in Support [ECF No. 6] the same day. The Plaintiffs filed their Brief in Response to Defendant's Motion to Dismiss [ECF No. 20] on June 24, 2016. The Defendant filed its Reply [ECF No. 21] on July 1, 2016. The motion is ripe for ruling.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Requirements for stating a claim under the federal pleading standards are

straight forward. A pleading that states a claim for relief must set forth "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for relief sought." Fed. R. Civ. P. 8(a). In considering motions to dismiss for failure to state a claim, the court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

Additionally, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor, it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 680. A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

## COMPLAINT ALLEGATIONS

The Plaintiffs are Affinity, a commercial entity organized under the laws of Ohio with its principle place of business in Ohio, and Holmes, an Indiana corporation with its principle place of business in Indiana. (Compl. ¶¶ 2, 4, ECF No. 8.) The Defendant is a Delaware corporation with its principle place of business in Missouri. The Plaintiffs allege that the Defendant's active front end power correction system ("AFE"), which was installed on Holmes' property, was defective and caused two separate power surges in the span of four months with the second surge resulting in a fire. According to the Plaintiffs, "[s]ubsequent investigation revealed that the cause of the fire in or around the AFE was the result of improper installation, improper design, improper manufacturing, and/or improper electrical/control work performed on the AFE by Defendant." (*Id.* ¶ 8.) The Plaintiffs assert four claims against the Defendant. Count I alleges that the Defendant was negligent by failing to take proper precautions when installing and maintaining the active front end power correction system (*Id.* ¶¶ 11–14) Count II alleges that the Defendant breached its contract with the Plaintiffs to "exercise . . . good workmanship under the applicable codes and standards for the design, selection, installation and inspection of the AFE (*Id.* ¶¶ 15–20.) Count III alleges that the Defendant breach implied warranties for the installation of and use of the AFE (*Id.* ¶¶ 21–24.) and Count IV alleges that the Defendant is liable under a theory of strict products liability (*Id.* ¶¶ 26–30.)

## ANALYSIS

A federal district court has original subject matter jurisdiction when there is complete diversity of citizenship among the parties and the amount in controversy is satisfied. *Howell by*

*Goerdt v. Tribue Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997). Here, diversity is met given the allegations of the Complaint.

Looking first at the negligence, strict liability and breach of implied warranties claims, the Defendant's principle argument is that the Complaint does not set forth sufficient facts, and merely sets forth conclusory allegations that formulaically recite the elements of the claims. The Defendant further contends that the Complaint is factually deficient because it does not "state how the AFE was defective, what testing was not done that should have been, and does not explain, in any way, how the AFE malfunctioned." (Mot. Dismiss 3, ECF No. 6) But detailed facts such as these are not necessary to survive a motion to dismiss because the claim need only contain enough facts to be plausible on its face. "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Plaintiffs allege that the AFE caused two power surges, one of which led to the AFE catching fire. These actions allegedly caused "real and personal property damage, loss of business income," and incurred additional expenses in an amount well in excess of $75,000. (Compl. ¶ 9.) These facts alone are sufficient to present a plausible claim of relief.

Turning next to Count II, the Plaintiffs allege that they had a contract with the Defendant which included "the duties to properly design, select, install, inspect and/or supervise those services with respect to the AFE in accordance with the applicable codes and standards, and/or in a good and workmanlike manner." (*Id.* ¶ 17.) The Plaintiffs further allege that they had complied with all conditions within the contract (*Id.* ¶ 18), and that the Defendant breached its performance of the contract because the AFE was defective (*Id.* ¶¶ 19–20). The Defendant argues that the Plaintiffs "allege[] no factual allegations to shore up . . . bare assertions" (Mot.

Dismiss 3.) Here, the Plaintiffs adequately pleaded that they performed all conditions precedent to the contract. *Allied Alloys, L.P. v. Omnisource Corp.*, No. 1:09-CV-112, 2010 WL 1541225, at *3 (N.D. Ind. Apr. 15, 2010) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."). The remaining allegation—that the Defendant breached its performance of the contract which included installing a non-defective AFE—is also sufficiently plead. Under the terms of the agreement, the Defendant was to provide the Plaintiff with a non-defective AFE that would not have caused two power surges, one of which caused a fire. It is plausible to infer the Defendant breached its contract terms.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Defendant's Motion to Dismiss [ECF No. 5.]

SO ORDERED on December 13, 2016.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT